IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARQUIS GERMAN,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 22-cv-1352-SMY |
| **PERCY MYERS, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benjamin Marquis German is a former inmate of the Illinois Department of Corrections ("IDOC"). He filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated during his incarceration. Now pending before the Court is Defendants' motion for sanctions to dismiss this matter with prejudice (Doc. 81). For the following reasons, the motion is **GRANTED in part**.

On March 26 and 27 2024, Defendants served Plaintiff with written discovery and a Notice to take his deposition (Doc. 78). Plaintiff failed to confirm his appearance for deposition, and his deposition scheduled for May 14, 2024, had to be cancelled. Despite Defendants rescheduling the deposition for October 14, 2024, and issuing additional notices on October 2, 8, and 11, 2024, Plaintiff neither confirmed his deposition availability nor responded to discovery requests.

On October 25, 2024, Defendants filed a motion to compel regarding Plaintiff's non-compliance with discovery requests and deposition availability (Doc. 78). The motion was granted on November 14, 2024, and Plaintiff was ordered to respond to outstanding discovery requests and provide his deposition availability on or before December 5, 2024. Plaintiff was warned that his

failure to comply with the Court's Order would result in the dismissal of this case for failure to comply with court orders and to prosecute the case. (Doc. 80). As of this date, Plaintiff has not responded to outstanding discovery requests or provided Defendants with his availability for deposition. Plaintiff's inaction indicates that he has lost interest or is otherwise refusing to prosecute this case.

Courts are left with few options when a *pro se* litigant abandons their case. Imposing monetary sanctions would have little effect on a litigant seeking to proceed *in forma pauperis* who has little incentive to pay. Plaintiff could also be barred from introducing his own testimony, but such a sanction would effectively result in dismissal because Plaintiff would be unable to provide an evidentiary basis to succeed at trial or survive a motion for summary judgment.

Accordingly, Defendants' motion (Doc. 81) is **GRANTED in part**; this case is **DISMISSED without prejudice**. *See Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013). The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: January 14, 2025

STACI M. YANDLE
United States District Judge